# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK RUSSELL WEINERT,

        Plaintiff,

v.               Case No. 18-CV-1995-JPS

DR. CHARLES LARSON,      **ORDER**

        Defendant.

On April 25, 2019, Plaintiff filed a motion for reconsideration of the Court's April 10, 2019 screening order. (Docket #17). Specifically, Plaintiff asks that the Court reinstate a defendant who was dismissed upon screening, Candace Whitman ("Whitman"). *Id.* Though not cited in the motion, this appears to be a request for relief pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b).

FRCP 60(b) offers relief from a court's order or judgment if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chicago*, 97 Fed. App'x 680, 681 (7th Cir. 2004) (quoting FRCP 60(b)(6)). Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542. 546 (7th Cir. 2006). Plaintiff does not argue any of the first five grounds, so the Court is limited to analyzing the sixth "catch-all" provision.

The Court finds no exceptional circumstances upon which to grant the extraordinary relief afforded by FRCP 60(b). The Court dismissed

Whitman from Plaintiff's original complaint because Plaintiff alleged that Whitman had acted at the direction of Plaintiff's treating physician. *See Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010) (a medical care system requires nurses to defer to treating physicians' instructions and orders in most situations, so long as their deference is not unthinking). Plaintiff also alleged that Whitman did not take enough care to ensure the sedative Plaintiff's doctor had prescribed would actually be available to Plaintiff at the hospital; but this allegation amounts to negligence at best, which is not actionable under the Eighth Amendment. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("But negligence, even gross negligence, does not violate the Constitution.").

Plaintiff's primary argument for reconsideration is that he should have been allowed to proceed against Whitman on a retaliation claim. Specifically, he states that Whitman instructed another nurse to give "false" information to Waupun Memorial Hospital about Plaintiff's medical history, which he believes resulted in him not receiving the treatment he wanted. (Docket #17 at 2). This is not the stuff of a retaliation claim. To prevail on a First Amendment retaliation claim, the plaintiff must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Plaintiff's complaint has nothing to do with protected speech, or retaliation therefor.

Plaintiff's motion for reconsideration will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #17) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge