# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK RUSSELL WEINERT,

                        Plaintiff,

v.                                                              Case No. 18-CV-1995-JPS

DR. CHARLES LARSON,                                 **ORDER**

                        Defendant.

Before the Court are two motions filed by *pro se* Plaintiff Mark Russell Weinert, an inmate at Fox Lake Correctional Institution. The first is a motion seeking the appointment of counsel. (Docket #3). The second is a motion seeking permission to pay the balance of the filing fee in this case from his prison release account. (Docket #11). For the reasons explained below, both will be denied.

In his motion for the appointment of counsel, Plaintiff explains that he contacted twenty-one law firms, of which twelve wrote back, all declining to take his case. (Docket #3). He anticipates having difficulty contacting various staff members involved in the facts underlying his claim, and he believes the medical issues involved in his claim are complicated and will be disputed. *Id.* Finally, he says he will have trouble conducting research because he is incarcerated. *Id.*

As a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the

plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). The Seventh Circuit has emphasized that "[t]he question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) (internal quotation omitted). Instead, "[t]he question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.*

Here, Plaintiff does not claim to be incompetent. Although he anticipates that collecting and analyzing medical evidence will be difficult, he does not provide a reason, other than reasons common to all incarcerated people, why he is particularly ill-suited to litigate his case. Plaintiff's lack of legal training and his limited access to resources in prison, while unfortunate, bring him in line with practically every other prisoner litigating in this Court. District courts cannot be expected to appoint counsel in circumstances which are common to all or many prisoners. *See Bracey v. Grondin*, 712 F.3d 1012, 1017–18 (7th Cir. 2013); *Pruitt*, 503 F.3d 647, 656 (observing that the Seventh Circuit has "resisted laying down categorical rules regarding recruitment of counsel in particular types of cases"); *Harper v. Bolton*, 57 F. Supp. 3d 889, 893 (N.D. Ill. 2014). Doing so would place untenable burdens on court resources. It would also turn the discretion of Section 1915(e)(2) on its head, making appointment of counsel

the rule rather than the exception. Further, Plaintiff has thus far demonstrated competence in the litigation process. If his worries about his capabilities in the discovery and briefing stages of this case come to fruition, he can re-file a motion asking the Court to consider appointing counsel for him at that time.

Next, Plaintiff's request that the Court allow him to pay the balance of the filing fee in this case from his prison release account will also be denied. Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff who is granted leave to proceed without prepayment of the filing fee, as Plaintiff was in this case, *see* (Docket #13), is required to pay the statutory filing fee of $350.00 for any civil action. See 28 U.S.C. § 1915(b)(1). After the IPFF is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Plaintiff cannot use his release account funds to pay the balance remaining on the filing fee. "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466). Given the purpose of the release account, federal courts do not deem it prudent to focus on that account as the source of funds to satisfy the filing fee payment requirements. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). As the Seventh Circuit has instructed, "like any other civil litigant, [a

prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs. In light of the foregoing, the Court will deny Plaintiff's motion to use release account funds to pay the balance of the filing fee. If he does not wish to pay the full fee, he can file a notice of voluntary dismissal of this action.

As is required under the PLRA, the institution where Plaintiff is incarcerated will forward payments from his trust account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (Docket #3) be and the same is hereby **DENIED without prejudice**; and

**IT IS ORDERED** that Plaintiff's motion to pay the full filling fee with funds in his release account (Docket #11) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2019.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge