# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK RUSSELL WEINERT,

                    Plaintiff,

v.

DR. CHARLES LARSON,

                    Defendant.

Case No. 18-CV-1995-JPS

**ORDER**

        This matter comes before the Court on Plaintiff's motion for leave to file an amended complaint. (Docket #21). Before turning to the merits of that motion, a review of the procedural posture of this case is helpful.

        On April 25, 2019, Plaintiff filed a motion for reconsideration of the Court's April 10, 2019 screening order. (Docket #17). Plaintiff asked the Court to reinstate a defendant who was dismissed upon screening, Candace Whitman ("Whitman"). *Id.* The Court dismissed Whitman from Plaintiff's original complaint because the allegations against her did not amount to deliberate indifference; Plaintiff alleged that Whitman, a nurse, had acted at the direction of Plaintiff's treating physician, *see Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010) (a medical care system requires nurses to defer to treating physicians' instructions and orders in most situations, so long as their deference is not unthinking), and that Whitman had negligently failed to ensure the sedative Plaintiff's doctor had prescribed would actually be available to Plaintiff at the hospital, *see McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("But negligence, even gross negligence, does not violate the Constitution.").

Plaintiff's primary argument for reconsideration was that he should have been allowed to proceed against Whitman on a First Amendment retaliation claim for instructing another nurse to give "false" information to Waupun Memorial Hospital about Plaintiff's medical history, which he believed resulted in him not receiving the treatment he wanted. (Docket #17 at 2). The Court denied Plaintiff's motion for reconsideration, noting that his allegations did not state a claim of retaliation. (Docket #18). To prevail on a First Amendment retaliation claim, the plaintiff must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Plaintiff's original complaint had nothing to do with protected speech, or retaliation therefor.

Plaintiff has now filed another motion, ostensibly for leave to file an amended complaint. (Docket #21). In it, he asks again for permission to proceed against Whitman on a First Amendment retaliation claim. Plaintiff explains, as he did in his motion for reconsideration, that he had a meeting with Whitman regarding his treatment that turned contentious when he accused her of not doing her job properly. *Id.* at 4; (Docket #21-1 at 1). Shortly thereafter, Whitman directed another nurse to call Waupun Memorial Hospital and give the hospital false information about Plaintiff that would result in him not receiving the treatment he desired. (Docket #21 at 1–2). Whitman's wrongful interference with Plaintiff's medical care was motivated, he now alleges, by her anger with Plaintiff for questioning her job performance. *Id.* at 2.

Plaintiff's allegations, together with his motion to amend his complaint, pass the low bar at screening to state a claim against Whitman. However, the claim does not arise under the First Amendment; Plaintiff still has not alleged that his *protected speech* caused Whitman to retaliate against him. Instead, Plaintiff may proceed against Whitman on a claim of deliberate indifference to his serious medical need in violation of the Eighth Amendment based on her knowledge of his injury and her alleged personal sabotage of Plaintiff's treatment.

Finally, Plaintiff has also asked to proceed on a claim of state law medical malpractice against Dr. Charles Larson ("Larson"). (Docket #21 at 2).[1] The allegations supporting Plaintiff's Eighth Amendment claim against Larson also support a claim for medical malpractice. *See Paul v. Skemp*, 625 N.W.2d 860, 865 (Wis. 2001) (noting that medical malpractice claims involve a breach of a duty of care that results in injury). Because Plaintiff's Eighth Amendment and medical malpractice claims are so related "that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), the Court will exercise supplemental jurisdiction over the medical malpractice claim.

However, no matter how intertwined a state and federal claim may be, a federal court cannot exercise supplemental jurisdiction if a plaintiff has failed to follow state procedures relevant to his state law claim. Wisconsin statute § 893.80(1m) requires a claimant bringing a civil action for medical malpractice against a state officer or employee to serve written notice of the claim on the Wisconsin attorney general within 180 days of

---

[1] Plaintiff also seeks to add a claim for "malice," (Docket #21 at 2), but that is not a recognized tort in Wisconsin.

"discovery of the injury or the date on which, in the exercise of reasonable diligence, the injury should have been discovered." Filing a proper notice of claim is a condition precedent to suit. *Snopek v. Lakeland Med. Ctr.*, 588 N.W.2d 19, 23 (1999). Unless the notice of claim requirement has been satisfied, the Court lacks discretion to decide the claim on its merits. Plaintiff has said nothing about whether he complied with the notice of claim procedure. At this stage of the case, the Court will permit Plaintiff to proceed with his medical malpractice claim. However, if Larson moves for dismissal on the ground that Plaintiff has not complied with the notice of claim procedure, and Plaintiff cannot adduce evidence that he gave proper notice of this claim under Wisconsin law, the claim will be dismissed.

In sum, Plaintiff's motion to amend his complaint will be granted insofar as he is permitted to add to his complaint a claim against Whitman for deliberate indifference to his serious medical need in violation of the Eighth Amendment and a claim of medical malpractice against Larson in violation of Wisconsin state law.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to amend his complaint (Docket #21) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's original complaint (Docket #1), his motion to amend his complaint and its attachments (Docket #21, #21-1, and #21-2),[2] and this

---

[2] The Clerk of the Court is hereby instructed to file on the docket an entry titled "amended complaint" that includes Plaintiff's original complaint, (Docket #1), and his motion to amend his complaint and its attachments, (Docket #21, #21-1, and #21-2). The amended complaint will be the operative pleading.

Order will be electronically sent to the Wisconsin Department of Justice for service on Defendant Whitman;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendant Whitman shall file a responsive pleading to Plaintiff's Amended Complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendant Larson shall file a responsive pleading to Plaintiff's state law claim in the amended complaint within fourteen (14) days of receiving electronic notice of this Order; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge